UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Matthews,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>San Diego County Board of Supervisors et al; Teresa Willis; Michael Murphy; San Diego County Treasure's Office,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 18-cv-711-GPC-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DIRECTING U.S. MARSHALS TO EFFECT SERVICE**<br><br>**(3) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION** |

### I.  Motion to Proceed *In Forma Pauperis*

On April 10, 2018, Plaintiff Thomas Matthews ("Plaintiff"), a non prisoner proceeding pro se, filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).  Dkt. No. 2. All proceedings filed with the District Court require a filing fee

1

unless the Court grants IFP status, waiving the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under 28 U.S.C. § 1915(a), the Court may waive the filing fee if a party demonstrates an inability to pay by submitting an affidavit reporting all assets of the individual. 28 U.S.C. § 1915(a).

Here, Plaintiff has submitted an affidavit stating that receives $0 in any employment income and receives $910.72 in monthly retirement income. Dkt. No. 2 at 1-2. He has $23 in a bank account and $200.00 in a checking account and owns a Ford Truck from 2001. Dkt. No. 2 at 3. He has monthly expenses of $775. He has spent $175 in expenses or attorney fees thus far in conjunction with this lawsuit. Dkt. No. 2 at 5. He asserts that he still owes the paralegal who has prepared his documents and that he cannot "pay daily basic necessities and court fees."

In consideration of Plaintiff's application, he has sufficiently demonstrated that he is unable to pay the required filing fee and meets the requirements to proceed IFP. Therefore, the Court **GRANTS** Plaintiff's motion to proceed IFP.

The Clerk of the Court is directed to issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 along with the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendant as directed by Plaintiff on each U.S. Marshal Form 285. *See Harkovich v. Plum Healthcare Grp.*, No. 07CV1418WQHBLM, 2007 WL 2428989, at *1 (S.D. Cal. Aug. 22, 2007).

## II. Sua Sponte Screening

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and sua sponte review and dismissal by the Court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28

U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Courts are to "liberally construe[]" documents filed pro se, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), affording pro se plaintiffs the benefit of the doubt. *Thompson*, 295 F.3d at 895; *see also Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) ("[T]he Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, 'however inartfully pleaded.'").

Mindful of this case law, the Court concludes that Plaintiff's complaint alleges *inter alia* that he was denied adequate procedural due process in that he never participated in a hearing before he was informed that his home would be sold on May 10, 2018. Dkt. No. 1 at 4. He specifically states that the constitutional violation is a "deprivation of his . . . PROPERTY without due process of the law." Further, Plaintiff alleges that he has complied with administrative exhaustion requirements, and that defendants were public employees at the time of the committed violations acting under color of law within the course of their duties. Dkt. No. 1 at 5. Indeed, the Court observes that a home constitutes property which can require certain adequate procedural protections before a sale. *See, e.g.*, *Cox v. Yellowstone County*, 795 F. Supp. 2d 1128, 1137 (D. Mont. 2011) (finding Montana lien enforcement statute, which did not give property owner an opportunity to be heard prior to public sale of property, to violate procedural due process). Accordingly, Plaintiff's allegations are sufficient for purposes of sua sponte screening under Section 1915(e)(2)(B). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 1115, 1119 (S.D. Cal. 2007).

## III. REQUEST FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John*

*D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors, namely that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Moreover, a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) (citing *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1471 (9th Cir. 1985)). Federal Rule of Civil Procedure 65 provides, in part, as follows:

> (b) Temporary Restraining Order.
>     (1) Issuing Without Notice. The court may issue
>     a temporary restraining order without written or oral notice to the
>     adverse party or its attorney only if:
>         (A) specific facts in an affidavit or a verified complaint clearly
>         show that immediate and irreparable injury, loss, or damage
>         will result to the movant before the adverse party can be heard
>         in opposition; and
>         (B) the movant's attorney certifies in writing any efforts made
>         to give notice and the reasons why it should not be required.

Here, the Court cannot yet reach the merits of any motion for a Temporary Restraining Order as Plaintiff has not certified in writing that he made efforts to provide any notice to defendants. There is no indication that he has shown any attempt to give notice to defendants of these requests. Even if plaintiff had provided appropriate notice to Defendant, the Court would be unable to grant relief without documentation showing that the sale of the property is actually set for May 10, 2018, as alleged in Plaintiff's Complaint. Dkt. No. 4. *See Taimani v. Residential Mortgage Loan Trust 2013-TT2*, 2016 WL 9175877, at *2 (N.D. Cal. 2016). Moreover, Defendants have not yet been served in this case. The Court notes that "[t]he stringent restrictions imposed by [Rule 65] on the

availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438-39 (1974). Plaintiff's procedural failure to satisfy the requirements for the issuance of an ex parte TRO warrant the denial at this stage of a TRO. *See Wofford v. Hamilton*, No. C 13-2467 SBA, 2013 WL 2456582, at *2 (N.D. Cal. June 6, 2013); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.")

Accordingly, at this stage the Court will **DENY WITHOUT PREJUDICE** any request made by Plaintiff in his Complaint for a temporary restraining order or preliminary injunction.[1] If Plaintiff seeks to file another TRO before the May 10, 2018 sale, he should include adequate documentation reflecting the imminent sale of his property and an affidavit asserting that efforts to provide notice to defendants were made pursuant to Federal Rule of Civil Procedure 65(b)(1)(B).

## CONCLUSION

1. Plaintiff's Motion to Proceed IFP is **GRANTED.**
2. The Clerk of the Court is directed to issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 along with the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendant as directed by Plaintiff on each U.S.

---

[1] In the future, such requests should be made by a motion. Any motion should be compliant with the requirements of Federal Rule of Civil Procedure Rule 65.

Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).

3. Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Fed. R. Civ. P. 5. Plaintiff shall include with the original papers to be filed with the Clerk of the Court a Certificate of Service stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any document received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded

4. Plaintiff's Request for a Temporary Restraining Order or a Preliminary Injunction is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: April 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge