UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Matthews,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>San Diego County Board of Supervisors et al; Teresa Willis; Michael Murphy; San Diego County Treasure's Office,<br><br>　　　　　　　　　　　Defendant. | Case No.: 18-cv-711-GPC-NLS<br><br>**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING RE: BANKRUPTCY STAY** |

On May 3, 2018, Defendant County of San Diego filed a notice informing the Court that Plaintiff Thomas Matthews had filed a bankruptcy petition on May 1, 2018. Dkt. No. 10. Defendant asks that this action be stayed pending the resolution of Plaintiff-Debtor's bankruptcy proceeding.

Section 362(a) of the Bankruptcy Code operates as an automatic stay of the commencement or continuation of a judicial proceeding "against the debtor" commenced prior to the filing of bankruptcy. 11 U.S.C. § 362(a)(1) . "The automatic stay of § 362(a) is intended to preserve the status quo and provide a debtor with a breathing spell from its creditors, while simultaneously preventing creditors from racing to various courthouses to pursue independent remedies against a debtor." *In re Way*, 229 B.R. 11, 13 (9th Cir.BAP1998) (citation omitted).

Nevertheless, ordinarily, the automatic stay provision does not operate to stay actions brought by the debtor; only cases in which the debtor is the defendant are typically stayed. *See In re Palmdale Hills Property*, LLC, 654 F.3d 868, 875 (9th Cir. 2011) ("The [automatic] stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims"); *In re Merrick*, 175 B.R. 333, 337 (9th Cir. BAP 1994) ("[I]n any event the automatic stay is inapplicable to suits by the bankrupt" (emphasis original)); *see also Conley v. Pitney Bowes, Inc.*, 978 F.Supp. 892, 902 (E.D. Mo. 1997) ("[A]s the plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay does not apply to judicial proceedings, such as this suit, that were initiated by the debtor"); *Checkers Drive-In Restaurants*, 51 F.3d at 1082 ("Thus, we have held that, although the automatic stay blocks many legal actions against the debtor, it does not similarly bar claims brought by the debtor against other parties").

The Court concludes that the automatic stay under 11 U.S.C. § 362(a)(1) is not applicable to this action brought by the Debtor where debtor is the *plaintiff* in this case. Nevertheless, the Court recognizes that the instant case involves a due process claim involving a property sale and that the parties may wish to seek a stay for other reasons. Given the minimal briefing at this stage, the Court issues the following schedule for supplemental briefing:

Plaintiff-Debtor is **DIRECTED** to file a supplemental brief indicating whether he seeks a stay of this case pending the resolution of his bankruptcy appeal by **May 21, 2018.** Defendant may file a responsive brief and brief any alternative bases for a stay by **June 1, 2018**. Each brief should cite the legal basis for any stay that is requested.

**IT IS SO ORDERED.**

Dated: May 9, 2018

Hon. Gonzalo P. Curiel
United States District Judge